UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

THE GUARDIAN NEWS, INC.,

                Plaintiff,

-against-

TOWN OF POUND RIDGE, New York,

                Defendants.

----------------------------------------------------------x

**ORIGINAL**

**07 CIV. 5719**

COMPLAINT

**Jury Trial Demanded**

Plaintiff THE GUARDIAN NEWS, INC., by its attorneys Lovett & Gould, LLP, for its complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for compensatory damages, as well as related declaratory and injunctive relief, proximately resulting from Defendant's regulatory ban on the placement of newsracks on public property for the purpose of distributing free-of-charge the weekly newspaper published by Plaintiff, which ban violates Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343, 2107.

1

## THE PARTIES AND THE MATERIAL FACTS

3. Plaintiff THE GUARDIAN NEWS, INC. is a New York domestic business corporation having its principal office for the conduct of business at 251 North Avenue, New Rochelle, New York. On a weekly basis Plaintiff publishes and disseminates, by *inter alia*, use of so-called newsracks, a free newspaper known as "The Westchester Guardian". That publication focuses on and reports about amongst other things municipal corporate corruption.

4. Defendant TOWN OF POUND RIDGE, New York (hereinafter "Town"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. The Town has adopted and enforces Chapter 72 of its code concerning "LITTERING", which provides in pertinent respect:

> "**§72-2. Definitions.**
>
> As used in this chapter, the following terms shall have the meanings indicated:
>
> LITTER
>
> A. Includes the following:
>
> \*    \*    \*
>
> 4. Signs, handbills, discarded reading material, newspapers, magazines and similar paper goods. . .
>
> \*    \*    \*

**§72-3. Throwing or dumping of litter.**

No person shall. . .deposit or abandon litter on any property within the Town, whether public or private and whether or not owned by such person. . .

\*       \*       \*

**§72-7. Litter in streets and public places.**

No person shall. . .deposit litter in or upon any street, highway, walk, park, parking area or other public place within the Town except in public receptacles in such parks or public places.

\*       \*       \*

**§72-16. Penalties for offenses.**

Any person or entity violating any provision of this chapter shall be subject to a fine of $500. The continuation of such violation shall constitute, for each day the violation is continued, a separate and distinct violation hereunder."

## AS AND FOR A FIRST CLAIM

5. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

6. Since Sections 72-2(A)(4), 72-3, 72-7, and 72-16 completely ban the placement of newsracks on public property within the Town, those code provisions violate Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### AS AND FOR A SECOND CLAIM

7. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

8. The said sections of the Town Code on their face constitute an impermissible prior restraint (without benefit of any time, place and/or manner limitations) on Plaintiff's exercise of its rights as so guaranteed, 42 U.S.C. §1983.

### AS AND FOR A THIRD CLAIM

9. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

10. Under the premises said Code provisions have chilled Plaintiff in the exercise of its rights as so guaranteed, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

   a. Declaring Sections 72-2(A)(4), 72-3, 72-7 and 72-16 of the Town Code violative of Plaintiff's First Amendment rights,

   b. Ordering the Town to enact, consistent with Plaintiff's rights as guaranteed by the First Amendment, a code provision concerning the placement of newsracks on public property within the Town,

    c. Permanently enjoining Defendant from enforcing as against Plaintiff said sections of its code,

    d. Awarding such compensatory damages as the jury may determine,

    e. Awarding reasonable attorney's fees and costs, and,

    f. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
        June 2, 2007

LOVETT & GOULD, LLP
By: _____
    Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401